UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| INEOS USA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV- |
| | §00017 | |
| | § | |
| | § | |
| BERRY PLASTICS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The Federal Circuit recently affirmed the grant of summary judgment against Ineos on the ground that its patent is invalid.  Berry Plastics thus remains the prevailing party, and its request for $9,202.40 in costs under 28 U.S.C. § 1920 is ripe for adjudication (Docket Entry No. 110).  Ineos objects that the submitted costs include impermissible expenses for electronic discovery services and video deposition editing, and the taxed amount may not exceed $2,570.56 (Docket Entry No. 113).

Ineos first objects to $650.00 in costs under Section 1920(2) for editing and synchronizing video depositions.  *See* 28 U.S.C. § 1920(2) (allowing recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case").  The Court agrees that this $650.00 is not recoverable because "[c]osts associated with video editing and synchronization are not specifically

1

enumerated in Section 1920."[1]  *See Oldham v. Thompson/Ctr. Arms Co., Inc.*, 2014 WL 1794861, at *5 (S.D. Tex. May 5, 2014); *see also Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 959 (9th Cir. 2013) ("The costs of editing depositions into video clips to be played for the jury as a substitute for live witness testimony does not fall within any definition of 'exemplification,' and is not taxable under the costs statute.").  Ineos first objection is granted.

Ineos next objects to $5,331.84 in costs under Section 1920(4) for making copies of electronic documents.  *See* 28 U.S.C. § 1920(4) (allowing recovery of "[f]ees for . . . the costs of making copies of any materials where the copies are necessarily obtained for use in the case").  While Ineos agrees that the law generally permits recovery of such costs, *see Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 167 (3d Cir. 2012) ("[T]he conversion of native files . . . and the scanning of documents to create digital duplicates are generally recognized as the taxable making copies of material."), Ineos argues that Berry failed to prove the incurred expenses were actually for the purpose of making electronic copies.  The Court disagrees.  Berry submitted the affidavit of Adam

---

[1] The Court recognizes the division of authority on this issue.  *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419–20 (6th Cir.2005) (permitting costs to synchronize video depositions); *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 346 (7th Cir. 1995) (affirming district court's award of costs for video editing "[g]iven that statutory authority exists" to award such costs); *Alonzo-Miranda v. Schlumberger Tech. Corp.*, 2015 WL 3651830, at *8 (W.D. Tex. June 11, 2015) (permitting the award of video editing expenses because "it was reasonably necessary for [the prevailing party] to obtain and edit video testimony of two important witnesses who were totally unavailable for trial").

Wald, who was hired to perform the services in question.  Mr. Wald detailed the purpose of each expense as it related to the process of making copies, including: identifying the data and records to be copied, copying them from the servers, Bates stamping them, saving them to production media, and conducting quality control. This affidavit is sufficient to show the costs were for making copies and thus they are recoverable under Section 1920(4).  *See Ernst v. Sunbelt Rentals, Inc.*, 122 F. App'x 722, 723 (5th Cir. 2004) (finding an affidavit of the person who made the copies sufficient to prove the amount of the costs and that they were necessary to the litigation).

The Court **GRANTS** Ineos's objection to the $650.00 charge, and **OVERRULES** Ineos's objection to the $5,981.84 charge.  Costs will be taxed against Ineos in the amount of $8,552.40.

**SIGNED** this 12th day of August, 2015.

_____
Gregg Costa
United States Circuit Judge[*]

---

[*] Sitting by designation.

3